**14**

HAGOP T. BEDOYAN, CSB NO. 131285
**KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL LLP**
5260 N. Palm Avenue, Suite 205
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (661) 326-0418
E-mail: hbedoyan@kleinlaw.com

Attorneys for Healthcare Conglomerate Associates, LLC
and Vi Healthcare Finance, Inc.

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>SOUTHERN INYO HEALTHCARE DISTRICT,<br><br>Chapter 9 Debtor. | Bankruptcy Case No.: 16-10015-A-9<br>Chapter 9<br><br>Adv. Case No.: 18-01031-A<br><br>**HEALTHCARE CONGLOMERATE ASSOCIATES, LLC'S AND VI HEALTHCARE FINANCE, INC.'S ANSWER TO COMPLAINT** |
| SOUTHERN INYO HEALTHCARE DISTRICT, plaintiff<br><br>v.<br><br>HEALTHCARE CONGLOMERATE ASSOCIATES, LLC; VI HEALTHCARE FINANCE, INC.; and DOES 1 through 10, defendants. | |

## ANSWER

Healthcare Conglomerate Associates, LLC ("HCCA") and Vi Healthcare Finance, Inc. ("Vi") (collectively, "Defendants") answer the Complaint for Avoidance of Unauthorized Post-Petition Transfers; Breach of Contract; Accounting; Negligence; Concealment; Breach of Fiduciary Duty; Declaratory Relief; Equitable Subordination; Violation of Government Code § 8314 (the "Complaint") filed by the Southern Inyo Healthcare District ("Plaintiff" or "the

District") as follows:[1]

1. With respect to paragraph 1 of the Complaint, Defendants admit that HCCA is wholly owned by Dr. Yorai Benzeevi ("Benzeevi") and that Vi is a company associated with Benzeevi. Defendants also admit that HCCA entered into a Management Services Agreement ("MSA") in January, 2016. Defendants also admit that pursuant to the MSA, the Board of Directors for the District turned over management of the District's operations to HCCA, including operations of the hospital and other facilities. However, Defendants deny all other allegations set forth in paragraph 1 of the Complaint.

2. Defendants deny each and every allegation in paragraph 2 of the Complaint.

3. With respect to paragraph 3 of the Complaint, Defendants deny that this adversary proceeding is a core proceeding under the enumerated statutes and do not otherwise consent to the entry of a final judgment and orders by the Bankruptcy Court.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit the allegations contained in paragraph 6 of the Complaint.

7. Defendants admit that HCCA maintains its principle place of business in Los Angeles County, California, but deny each and every other allegation contained in paragraph 7 of the Complaint.

8. Defendants admit the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. With respect to paragraph 11 of the Complaint, Defendants lack sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, deny the allegations in paragraph 11 of the Complaint.

12. Defendants admit the allegations contained in paragraph 12 of the Complaint.

---

[1] Certain paragraphs are answered collectively by both named defendants or at times by one or the other of the two defendants, if a particular allegation references only one of the two defendants. A lack of a response by the non-responding defendant to a particular allegation or paragraph should not be deemed an admission of the allegations by such defendant.

13. Defendants admit the allegations contained in paragraph 13 of the Complaint.

14. Defendants admit the allegations contained in paragraph 14 of the Complaint.

15. Defendants admit the allegations contained in paragraph 15 of the Complaint.

16. With respect to paragraph 16 of the Complaint, Defendants admit all of the allegations contained therein with the exception of the allegation that the "MSA also provided that the Chief Restructuring Officer, an employee of HCCA, shall serve as the representative of the District in connection with any such Chapter 9 bankruptcy proceeding," which is specifically denied to the extent it alleges that the Chief Restructuring Officer must be an employee of HCCA.

17. With respect to paragraph 17 of the Complaint, Defendants admit that the District filed a voluntary petition for relief under chapter 9 of the Bankruptcy Code on January 14, 2016, and that HCCA managed the District during the bankruptcy case. However, Defendants specifically deny that HCCA managed the District until October 23, 2017. With respect to the balance of the allegations contained in paragraph 17 of the Complaint, Defendants lack sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, deny the allegations in paragraph 17 of the Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Complaint.

19. Defendants admit that HCCA made the enumerated advances in paragraph 19 of the Complaint, but deny all other allegations contained in paragraph 19, and specifically deny 1) that the advances were made in accordance with the terms of an agreement for a revolving unsecured line of credit agreement, 2) that the line of credit agreement was unsecured and 3) that any advances were made without the Debtor's knowledge or consent.

20. With respect to paragraph 20 of the Complaint, Defendants admit that loans and transfers were made between the Tulare Local Healthcare District ("Tulare District") and the Debtor, but generally deny all other allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Paragraph 22 of the Complaint contains conclusions of law to which no response is required, but to the extent a response is deemed to be required, Defendants deny each and every allegation contained in therein.

23. With respect to the allegations contained in paragraph 23 of the Complaint, Defendants lack sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, deny the allegations in paragraph 23 of the Complaint.

24. Defendants deny the allegations contained in paragraph 24 of the Complaint.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants admit the allegations contained in paragraph 26 of the Complaint with the exception of the allegations, that 1) "$1,038,789.56 of which was the existing amounts drawn on the prepetition line of credit," and that 2) "The Security Agreement allows Vi to collect directly all county tax revenues," both of which are specifically denied.

27. Defendants admit the allegations contained in paragraph 27 of the Complaint.

28. With respect to paragraph 28 of the Complaint, Defendants admit that the maturity date of the loan is one hundred twenty (120) days after demand by Lender or four years and 360 days after the date of the note, if no demand is made. However, Defendants deny all other allegations contained in paragraph 28.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint.

30. With respect to paragraph 30 of the Complaint, Defendants admit that on or about July 25, 2017, Debtor gave the alleged notice to the Inyo County Auditor/Controller, but deny the allegation that "all tax revenues had been assigned to Vi."

31. With respect to paragraph 31 of the Complaint, Defendants lack sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, deny the allegations in paragraph 31 of the Complaint. Defendants further specifically deny the allegation in paragraph 31 of the Complaint that HCCA had failed to disclose that doctors had not been paid.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. With respect to paragraph 35 of the Complaint, Defendants lack sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on

that basis, deny the allegations in paragraph 35 of the Complaint. Defendants further deny the allegations contained in paragraph 35 of the Complaint.

36. Defendants deny the allegations contained in paragraph 36.

37. With respect to paragraph 37 of the Complaint, Defendants lack sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, deny the allegations in paragraph 37 of the Complaint.

38. With respect to paragraph 38 of the Complaint, Defendants lack sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, deny the allegations in paragraph 38 of the Complaint.

39. With respect to paragraph 39 of the Complaint, Defendants lack sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, deny the allegations in paragraph 39 of the Complaint. Defendants otherwise deny the allegations contained in paragraph 39.

40. With respect to paragraph 40, Defendants admit that on or about September 30, 2017, the Tulare District commenced its own Chapter 9 bankruptcy case. With respect to the remainder of the allegations contained in paragraph 40, Defendants do not believe such allegations require a response. However, to the extent such allegations do require a response, Defendants deny each and every remaining allegation in paragraph 40.

41. With respect to paragraph 41 of the Complaint, Defendants lack sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, deny the allegations in paragraph 41 of the Complaint. Defendants otherwise deny the allegations contained in paragraph 41.

42. With respect to paragraph 42 of the Complaint, Defendants lack sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, deny the allegations in paragraph 42 of the Complaint.

43. Defendants admit the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

///

45. With respect to paragraph 45 of the Complaint, Defendants admit that the summarized terms are included in the MSA, but otherwise deny every other allegation contained therein. Defendants further deny such allegations since they are not factual allegations requiring a response, but to the extent a response is deemed to be required, Defendants deny each and every remaining allegation contained in paragraph 45.

46. With respect to paragraph 46 of the Complaint, Defendants lack sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, deny the allegations in paragraph 46 of the Complaint.

47. With respect to paragraph 47 of the Complaint, HCCA incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

48. HCCA denies the allegations contained in paragraph 48 of the Complaint.

49. HCCA denies the allegations contained in paragraph 49 of the Complaint. Furthermore, the allegations in paragraph 49 contain conclusions of law to which no response is required. But to the extent a response is deemed to be required, HCCA denies each and every remaining allegation contained in paragraph 49.

50. Paragraph 50 contains conclusions of law to which no response is required, but to the extent a response is deemed required, HCCA denies each and every allegation contained in paragraph 50.

51. Paragraph 51 contains conclusions of law to which no response is required, but to the extent a response is deemed required, HCCA denies each and every allegation contained in paragraph 51.

52. With respect to paragraph 52 of the Complaint, Vi incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

53. Vi denies the allegations contained in paragraph 53 of the Complaint.

54. Paragraph 54 contains conclusions of law to which no response is required, but to the extent a response is deemed required, Vi denies each and every allegation contained in paragraph 54.

55. Paragraph 55 contains conclusions of law to which no response is required, but to the extent a response is deemed required, Vi denies each and every allegation contained in paragraph 55.

56. With respect to paragraph 56 of the Complaint, HCCA incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

57. HCCA admits the allegations contained in paragraph 57 of the Complaint.

58. HCCA admits the allegations contained in paragraph 58 of the Complaint.

59. HCCA denies the allegations contained in paragraph 59 of the Complaint.

60. HCCA denies the allegations contained in paragraph 60 of the Complaint.

61. HCCA denies the allegations contained in paragraph 61 of the Complaint.

62. With respect to paragraph 62 of the Complaint, HCCA lacks sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, denies the allegations in paragraph 62 of the Complaint. Paragraph 62 also contains conclusions of law to which no response is required, but to the extent a response is deemed required, HCCA denies each and every allegation contained in paragraph 62.

63. With respect to paragraph 63 of the Complaint, HCCA incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

64. HCCA denies the allegations contained in paragraph 64 of the Complaint.

65. HCCA denies the allegations contained in paragraph 65 of the Complaint.

66. HCCA denies the allegations contained in paragraph 66 of the Complaint.

67. With respect to paragraph 67 of the Complaint, HCCA lacks sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, denies the allegations in paragraph 67 of the Complaint. Paragraph 67 also contains legal conclusions to which no response is required, but to the extent a response is deemed required, HCCA denies each and every allegation contained in paragraph 67.

///

68. With respect to paragraph 68 of the Complaint, Vi incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

69. Vi admits the allegations contained in paragraph 69 of the Complaint.

70. Vi admits the allegations contained in paragraph 70 of the Complaint.

71. Vi denies the allegations contained in paragraph 71 of the Complaint.

72. Vi denies the allegations contained in paragraph 72 of the Complaint.

73. With respect to paragraph 73 of the Complaint, Vi lacks sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, denies the allegations in paragraph 73 of the Complaint. Paragraph 73 also contains legal conclusions to which no response is required, but to the extent a response is deemed required, Vi denies each and every allegation contained in paragraph 73.

74. With respect to paragraph 74 of the Complaint, HCCA incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

75. HCCA admits the allegations contained in paragraph 75 of the Complaint.

76. With respect to paragraph 76 of the Complaint, HCCA admits that pursuant to the terms of the MSA, HCCA is to account for all revenues received with respect to the hospital, and also to provide such accounting to the District on a monthly, quarterly, and annual basis, and upon reasonable request, but otherwise denies each and every other allegation contained in paragraph 76 of the Complaint.

77. HCCA denies the allegations contained in paragraph 77 of the Complaint.

78. HCCA denies the allegations contained in paragraph 78 of the Complaint.

79. HCCA denies the allegations contained in paragraph 79 of the Complaint.

80. With respect to paragraph 80 of the Complaint, Vi incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

81. Vi denies the allegations contained in paragraph 81 of the Complaint.

82. Vi denies the allegations contained in paragraph 82 of the Complaint.

83. Vi denies the allegations contained in paragraph 83 of the Complaint.

84. With respect to paragraph 84 of the Complaint, Vi lacks sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, denies the allegations in paragraph 84 of the Complaint. Vi, alternatively denies the allegations contained in paragraph 84 of the Complaint.

85. With respect to paragraph 85 of the Complaint, Vi lacks sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, denies the allegations in paragraph 85 of the Complaint. Vi, alternatively denies the allegations contained in paragraph 85 of the Complaint.

86. With respect to paragraph 86 of the Complaint, HCCA incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

87. HCCA denies the allegations contained in paragraph 87 of the Complaint. As additional grounds for denying the allegations contained in paragraph 87 of the Complaint, paragraph 87 contains legal conclusions to which no response is required. But to the extent a response is deemed to be required, HCCA denies the allegations contained in paragraph 87.

88. HCCA denies the allegations contained in paragraph 88 of the Complaint. As additional grounds for denying the allegations contained in paragraph 88 of the Complaint, paragraph 88 contains legal conclusions to which no response is required.

89. HCCA denies the allegations contained in paragraph 89 of the Complaint. As additional grounds for denying the allegations contained in paragraph 89 of the Complaint, paragraph 89 contains legal conclusions to which no response is required, but to the extent a response is deemed to be required, HCCA denies the allegations contained in paragraph 89.

90. Paragraph 90 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is deemed to be required, HCCA denies the allegations contained in paragraph 90.

91. With respect to paragraph 91 of the Complaint, HCCA incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

92. HCCA admits that it was the designated manager of the District, but denies every other allegation contained in paragraph 92 of the Complaint.

93. HCCA denies the allegations contained in paragraph 93 of the Complaint.

94. With respect to paragraph 94 of the Complaint, HCCA lacks sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, denies the allegations in paragraph 94 of the Complaint.

95. HCCA denies the allegations contained in paragraph 95 of the Complaint.

96. With respect to paragraph 96 of the Complaint, HCCA lacks sufficient information, knowledge, and/or belief to admit or deny the allegations contained therein and, on that basis, denies the allegations in paragraph 96 of the Complaint.

97. HCCA denies the allegations contained in paragraph 97 of the Complaint.

98. Paragraph 98 contains legal conclusions to which no response is required. But to the extent a response is deemed to be required, HCCA denies the allegations contained in paragraph 98.

99. With respect to paragraph 99 of the Complaint, HCCA incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

100. With respect to paragraph 100, HCCA admits that it was charged with managing and operating the District's hospital and related clinics, but denies each and every other allegation contained therein.

101. HCCA denies the allegations contained in paragraph 101 of the Complaint.

102. HCCA denies the allegations contained in paragraph 102 of the Complaint.

103. Paragraph 103 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is deemed to be required, HCCA denies the allegations contained in paragraph 103.

104. With respect to paragraph 104 of the Complaint, HCCA incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

105. With respect to paragraph 105 of the Complaint, HCCA admits that an actual controversy has arisen and now exists between the District and HCCA concerning their respective rights and duties under the MSA, but HCCA lacks sufficient information, knowledge, and/or belief to admit or deny the remaining allegations contained therein and, on that basis, denies the remaining allegations in paragraph 105 of the Complaint.

106. HCCA admits that the District seeks the relief enumerated in Paragraph 106 of the Complaint; however, HCCA denies that the District is entitled to the relief requested or any other relief and, on that basis otherwise denies the allegations contained in paragraph 106 of the Complaint.

107. HCCA admits that the District seeks the relief enumerated in Paragraph 107 of the Complaint; however, HCCA denies that the District is entitled to the relief requested or any other relief and, on that basis otherwise denies the allegations contained in paragraph 107 of the Complaint.

108. With respect to paragraph 108 of the Complaint, Defendants incorporate by reference their answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

109. Defendants admit that the District seeks the relief enumerated in Paragraph 109 of the Complaint; however, Defendants deny that the District is entitled to the relief requested or any other relief and, on that basis otherwise deny the allegations contained in paragraph 109 of the Complaint.

110. Defendants deny the allegations contained in paragraph 110 of the Complaint.

111. Defendants deny the allegations contained in paragraph 111 of the Complaint.

112. Defendants admit that the District seeks the relief enumerated in Paragraph 112 of the Complaint; however, Defendants deny that the District is entitled to the relief requested or any other relief and, on that basis otherwise deny the allegations contained in paragraph 112 of the Complaint.

113. Defendants admit that the District seeks the relief enumerated in Paragraph 113 of the Complaint; however, Defendants deny that the District is entitled to the relief requested or any

other relief and, on that basis otherwise deny the allegations contained in paragraph 113 of the Complaint.

114. With respect to paragraph 114 of the Complaint, HCCA incorporates by reference its answers to paragraphs 1 through 46, inclusive, of the Complaint as through fully set forth herein.

115. HCCA denies the allegations contained in paragraph 115 of the Complaint.

116. HCCA admits that the District seeks the relief enumerated in Paragraph 116 of the Complaint; however, HCCA denies that the District is entitled to the relief requested or any other relief and, on that basis otherwise denies the allegations contained in paragraph 113 of the Complaint.

## AFFIRMATIVE DEFENSES

1. Defendants assert the facts alleged in the Complaint fail to state a claim against Defendants upon which relief can be granted (Fed. R. Bankr. Proc. 7012(b)(6)).

2. Defendants assert that Plaintiff waived its right to maintain and is estopped from asserting any of the claims set forth in the Complaint by virtue of its acts and omissions, and by virtue of the acts or omissions of its agents, and/or affiliates, including but not limited to its employees and representatives, based, *inter alia*, on the terms of the Management Services Agreement between HCCA and the District dated January 2, 2016 ("MSA").

3. Each and every cause of action asserted by the Plaintiff is barred by the doctrine of consent in light of the provisions of the MSA and the consent of the District's Board of Directors.

4. Plaintiff would be unjustly enriched under the facts and circumstances alleged in the Complaint if any portion or all of the claims asserted by the Plaintiff were honored against Defendants. Therefore, Plaintiff should take nothing in connection with each and all of the claims for relief.

5. The Complaint, and each of its claims, is barred by the Doctrine of Ostensible Authority.

6. The Complaint, and each of its claims, is barred by the Doctrine of Actual Authority.

VI HEALTHCARE FINANCE, INC.'S AND HCCA'S ANSWER TO COMPLAINT

7. The injuries and damages asserted by the Complaint, if there were any, were proximately caused by the fault of other persons, firms, entities and corporations, including *inter-alia*, the law firm of Baker Hostetler, LLP and Ashley M. McDow and Bruce R. Greene, who were partners of such firm at all relevant times, and Michael T. Delaney, who was an associate employed by such firm at all relevant times, as well as the Debtor, and should any judgment be rendered against HCCA and/or Vi, such judgment should be reduced, abated and discharged in accordance with the percentage of fault charged against such other persons, firms, entities and corporations.

8. If it should be established that HCCA or Vi is any manner legally responsible for Plaintiff's alleged damages, which is denied, HCCA and Vi are entitled to indemnity and/or contribution from any and all other parties currently named or to be named in this litigation in direct proportion to the negligence or other actionable conduct which proximately caused or contributed to the alleged damages, if any.

9. No act or omission of Defendants was a substantial factor in bringing about the alleged damages asserted by the Plaintiff, nor was any act or omission a contributing cause thereof.

10. If it should be established that HCCA is any manner legally responsible for the Plaintiff's alleged damages, which is denied, HCCA is entitled to a set-off in an amount no less than the claim it filed in the District's bankruptcy case on January 30, 2018 in the amount of $2,524,054.00 [Dkt. No. 406]. The amount of the asserted offset is subject to increase due to the accrual of interest.

11. If it should be established that Vi is any manner legally responsible for the Plaintiff's alleged damages, which is denied, Vi is entitled to a set-off in an amount no less than the claim it filed in the District's bankruptcy case on June 8, 2018 in the amount of $1,423,418.72 [Dkt. No. 447]. The amount of the asserted offset is subject to increase due to the accrual of interest.

12. Plaintiff is not entitled to relief it asserts in the Complaint against Defendants because it released the Defendants from such claims by virtue of the terms of the MSA.

13. Defendants reserve the right to assert additional defenses as they become known and available to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Defendants prays for judgment as follows:

1. Judgment in favor of Defendants and against Plaintiff;
2. For costs of suit, including attorney's fees provided by law or contract; and
3. For such other and further relief to which Defendants are entitled in law or equity.

## JURY DEMAND

HCCA and Vi hereby demand a trial by jury as to all issues so triable.

Dated: June 29, 2018

KLEIN, DENATALE, GOLDNER, COOPER, ROSENLIEB & KIMBALL LLP

By: */s/ Hagop T. Bedoyan*
HAGOP T. BEDOYAN
Attorneys for Healthcare Conglomerate Associates, LL & Vi Healthcare Finance, Inc.

- 14 -

Vi Healthcare Finance, Inc.'s and HCCA's
Answer to Complaint